May it please the Court, my name is Daniel Tennell, and I represent the appellant IDS Property Casualty Insurance Company. I'd like to reserve two minutes for rebuttal after my colleague is done arguing. Your Honors, IDS is here today to request that this Court reverse the District Court's decision to grant attorney fees in an insurance coverage declaratory judgment action that my client filed. As the record suggests, IDS filed a declaratory judgment action seeking to rescind an insurance policy with one named insured, and that named insured was Michelle Mullins. IDS moved to rescind that insurance policy because of alleged misrepresentations that Michelle Mullins had made before and after the claim in seeking coverage for her son as a resident relative. IDS also sought a declaration that it did not owe uninsured motorist benefits under the terms of that contract because it believed, based on statements, that Mr. Mullins, Ryan Mullins, was not a resident relative as he needed to be. As the Court knows, Judge McShane issued a very brief attorney fee ruling which I characterize as two sentences. And in that ruling, Judge McShane stated, this litigation does not require the plaintiff to sue Ms. Ward, who was Ms. Mullins after marriage, to resolve a discrete dispute with Mr. Mullins. In this respect, the lawsuit that IDS brought against its own policyholder was frivolous. My client can't glean anything else from this. Isn't he saying that the action against Ms. Mullins was objectively unreasonable? Is that what he's saying? He is not saying that. I think he is saying. What do you think he's saying then? I think, Your Honor, that what Judge McShane did was state that seeking to sue Ms. Mullins and naming her as insured in a declaratory judgment action to determine who was a resident relative was frivolous. But that's not, with all due respect to Judge McShane, the analysis either from a legal standpoint or a factual context. So you had two claims, correct? That is correct. All right. So the rescission claim, I gather the claim to rescind, whether it was under the contract or under the common laws, there's some discussion about that. But that was essential to have Ms. Mullins as part of that claim. Your Honor, that is exactly right. Because the insurance policy, which is in the excerpt. With Ms. Mullins. Correct. And here's where the context is important. Not only in the factual pleadings, but in the insurance policy itself, she was the only named insured. Then there's another cause of action or claim against the resident relative, the son. Correct. And she's named on that claim as well. She is because she made the claim for her son. She turned in the claim. She is the one that turned the claim in and sought coverage. And that's why, and this really comes from one of the cases. Why did she have to be named as a defendant in that claim? Because she made the claim for her son. But the whole basis for that claim was to declare that the son made misrepresentations. No. No? That's not the basis of the claim. That is not necessary for that second claim. Now, IDS believed in its complaint, based on the examinations under oath that took place, that both Ms. Mullins and her son made misrepresentations in the examinations under oath when they claimed they were resident relatives, when they claimed that Mr. Mullins was living in the residence at the time. The bottom line is that's a factual issue, maybe quasi-legal factual. Are they living there? Are they relatives? That seems to be factual. And then are they resident relatives? You make the legal conclusion. But why? She doesn't seem to me to be a necessary party. That's where I'm having some trouble with the argument. I mean, I know you wanted a sewer, but that's not the issue here. Well, to say that it's to when you seek a declaration that an insurance contract, and it doesn't even have to be an insurance contract, but when you seek a declaration that a contract with the other party needs to be rescinded, which is the first count of the complaint, which gets no mention in the attorney fee ruling, how do you bring that from a legal standpoint except against the other party to the contract? And in our case, there's only one other party. The contract states this is a contract between you and us. The contract puts obligations on Ms. Michelle Mullins. And I'd like to urge this. But if she wanted to join the lawsuit, she could move to join the lawsuit. But that State Farm case out of Hawaii said, you know, there's no reason to sue the insured just for a declaration of non-coverage when the son made a claim as a resident relative. You have the son there. Correct. However, this was not just a declaratory judgment action that there wasn't a resident relative. That's not the factual basis of this suit. For non-coverage for the kid. Correct. That's not the only basis of this. And that's why I think the panel needs to look at the substantive law of the State of Oregon, particularly in the Williams v. Salem Women's Clinic case, where the court talks about what the legal analysis needs to be. It has to be the court has to look at the pleadings, the facts as alleged, and determine if there's no objectively reasonable basis for that. So on that point, running through the district court's orders and whatnot, is that the claim for rescission against Ms. Mullins in the first claim was that it seems to have been based purely on the contract. And it refers to you can get rescission during the period of the contract. Words to that effect. Yes, I know what you mean. And the district judge said, hey, the contract is long expired. You have no basis here to get rescission under the contract. And therefore, basically saying the claim against her was frivolous. But that's not what Judge McShane said. Well. And that's not the right, with all due respect, that's not the right analysis. What the right analysis is, is the court under 20.105, because this is a substantive Oregon law question, is at the time that we filed that, at the time my client filed this, and this is important language, was the record or the allegations entirely devoid of a factual or legal basis. That's the analysis that Judge McShane was required to do. So at the time you filed it, was that contract in force? See, the contract doesn't have to be in force at the time, because you have, you can claim benefits for something after the policy provision ends. An insurance policy can roll over. What's important is the policy was in effect at the time Ms. Mullins called up IDS and said, my son was in a car accident, he is a resident relative, I want $100,000 for his insurance benefits. That's the analysis. I don't know, I can't tell why Judge McShane said what he said about the fact that the policy had already expired. That's not what rescission is for. That's what cancellation is for. Those are different concepts in terms of an insurance dispute. You want to save your remaining time? I do. Thank you. Thank you, Judges. My name is Clint Jones. I represent Ms. Michelle Mullins. She's sometimes referred to as Michelle Ward in the court record, but I call her Ms. Mullins. I'd like to start off with some things that were asserted to the court. Mr. Tunnell said, Ms. Mullins made a claim for her son. The judge specifically held that it was Ryan Mullins who submitted proof of loss. The question that you're speaking to, Judge, about rescission I think is very important. The judge did find that their claim was frivolous because they attempted to rescind based on the contract, and the only provision in there that dealt with rescission, although termed cancellation, was clearly it didn't apply because the policy was expired. What their argument is, when you boil it down, is they're saying by complying with procedural requirements, a case that lacks substantive merit is not frivolous. That's analogous to me filing a complaint that's frivolous, but doing it within the statute of limitations and serving it in time and saying . . . Well, did the district judge conclude that the claim against Ms. Mullins for rescission, does his order mean that that claim was objectively unreasonable? It certainly does, Judge. He made a number of . . . He seems to be referring to the coverage claim. Would you say that again? He seems to be referring to the other part of their action, which was to get a declaration that the claim for the kid was not entitled to coverage. Let me try to clarify. Their pleadings did not separate the claims. They made two claims against each. They did. There's one claim for rescission and one claim for no coverage. But I mean with respect to against the particular parties. Right. They're lumped in both. Right. And so initially the summary judgment that the Court decided was Ryan Mullins cannot — the coverage to Ryan Mullins cannot be voided by virtue of the fraud provision in the policy due to statements made by Michelle Mullins. Yes. And so that particular provision had no application, even though it was pled in such a way that you might assume, based on the pleadings, that they were trying to make the fraud provision apply to Michelle Mullins. So then it became clear that the only claim that really stood was the rescission claim, which . . . Right. And so why wouldn't a policyholder be an appropriate party to a rescission claim, even if in the end the plaintiff was wrong? It's a good question. I provided the Court with a number of cases that show that merely being an insured doesn't make a person a necessary party to the claim. What they are . . . I mean, if you're the original insured on the insurance policy and the insurance company is trying to cancel it or rescind it, I don't think I would like to be a part of that lawsuit. Well, there has to be an actual controversy, meaning they have to actually have a way of rescinding it, and they didn't. So then you're mixing and matching whether she's the appropriate policy or whether it's just not a very good claim. Well, it's both, I guess. So let's just stick to rescission. Okay. And you have a policy, and the insurance company says, you know, I'm going to rescind that policy. It seems to me the key necessary party would be the policyholder. What the case law makes . . . You can't rescind a policy against a contract, against somebody who's not a party to the contract. Well, what the case law makes clear is that what matters is, is if complete relief can be accorded among the parties that there are meritorious claims against. Ryan Mullins would have protected her interest with respect to the rescission claim because that was made to him as well. No, but it seems to me that you aren't excluded from including somebody. I mean, the policyholder is the contract signer, correct? Yes. And so why wouldn't that person be an appropriate party? Well . . . I mean, you can't rescind the contract against Ryan. He doesn't even have any contractual rights, per se. It all stems from her and her policy, doesn't it? Well, procedurally, when you consider that in a vacuum, what you're saying is correct, Judge, but when you look at the substance of the claim, there was no basis for rescission under the contract. And when they pled this, they just said under the general terms of the contract. They weren't making a common law claim for rescission. That's . . . I couldn't tell, though, if that's what the district court actually said. No, I believe there was some discussion on that in one of the hearings, Judge, and we . . . But at the end, when he made the attorney's fee award, it looks like he made the fee award because she was named with respect to the coverage issue. He didn't seem to also analyze whether or not it was objectively unreasonable for them to seek rescission against her. Well . . . That's what I find kind of confusing. Well, in Michelle Mullen's motion for summary judgment, because the first one was Ryan Mullen's motion for partial summary judgment on the coverage issue. In the second motion, the judge said, I can only find one plain, reasonable way to read this rescission statute. And since IDS just refers to the general terms and conditions of the policy for their basis for rescission, but couldn't point to any operative provision, the judge dismissed the claim for rescission and found it frivolous. But you're linking frivolous from the finding of the attorney's fees back to the summary judgment, and the two don't go . . . don't match up. Well, I actually . . . You're conflating them. I believe that the question of frivolousness applied to rescission. And the reason I say that, Judge, is because there was no way to . . . the other motion made by Ryan Mullen's had already been decided, and so the only issue before the court after that was the rescission issue, to which the court called it frivolous. And I believe his order on the attorney fees makes that clear. And there was no reason for the judge to address the issue at the summary judgment determination. It was only . . . it only became important as to whether attorney's fees would apply. I would agree with that, Judge. And, you know, the judge made no . . . when it comes to the attorney fees, I'd like to speak to that as quickly as possible. Their argument initially was there has to be a bad faith finding. And what they submitted to the court was case law that was decided before the statute was changed. Their reply brief changed their argument to, well, it's under 20.075 that the court has to make a finding of bad faith. That's not correct. I submitted supplemental citations that refer to the cases that deal with 20.075. That's the statute that the court has to consider in awarding attorney fees. And what is clear from those cases in a plain reading of the statute is that the court does not have to make a decision on every single factor there. It only needs to, as those courts said, identify the relevant facts and legal criteria relied upon. A trial court satisfies that obligation by including in its order a brief description or citation to the factor or factors on which it relies or by clearly indicating the basis of its decision. Judge McShane wrote a nine-page opinion on the attorney fees. He listed no less than five of the factors described. He made specific findings, even though he doesn't have to, in addition to the finding of frivolousness in his order. So he more than met the standard in terms of findings, and he doesn't have to find bad faith. Thank you. Thank you. Your Honor, just a couple of brief points because I'm almost out of time. 20.105 is a substantive right, and you don't get to 20.075 unless you meet the requirements of 20.105. Those requirements are clearly laid out in a statute, and the parties disagree about the continuing viability and application of Matiza v. Foster, 311 Oregon 1. We think that case is still good law. We think that case sets out a three-part factor that a court has to decide, whether it's a state court or a federal court. Those factors just simply are not met. The legislative history that the court discusses in that statute I think is incredibly important to this court's decision, and I would ask you to review that, and I would ask you to take a look at the footnotes of that case as well before rendering a decision. Thank you. If there's no other questions, thank you for your time.
judges: McKeown, Paez, Lasnik